**FILED**
**NOVEMBER 30, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6765**

| | |
|---|---|
| Patricia Siuda<br>465 Sauk<br>Bolingbrook, IL 60440<br><br>    Plaintiff,<br><br>v.<br><br>Office of Douglas R. Burgess, LLC<br>c/o Douglas R. Burgess, Owner<br>480 W. Ridge Rd.<br>Rochester, NY 14615<br><br>    Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**JUDGE LEFKOW**<br>**MAGISTRATE JUDGE SCHENKIER**<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

**FACTS COMMON TO ALL COUNTS**

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. All of Defendant's actions occurred within one year of the date of this Complaint.

9. In or around April 2007, Plaintiff informed Defendant that Plaintiff was represented by an attorney for bankruptcy and provided the law firm's contact information.

10. Despite this notice, Defendant contacted Plaintiff on or around July 25, 2007.

11. During this communication, Plaintiff reiterated that Plaintiff had retained an attorney for bankruptcy and requested that Defendant contact Plaintiff's attorney.

12. During this communication, Defendant responded that Plaintiff "could stick [her] lawyer up [her] [expletive]."

13. During this communication, Defendant threatened that Defendant would sue Plaintiff and "get [its] money one way or another."

14. During this communication, Defendant repeatedly directed derogatory and offensive language towards Plaintiff.

15. During this communication, Defendant asked Plaintiff why "losers" like Plaintiff get credit cards and do not pay the bill.

16. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

17. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

18. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692c in that it contacted Plaintiff notwithstanding the fact that Plaintiff told Defendant that Plaintiff was represented by an attorney.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

29. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

30. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:   /s/ Jeffrey S. Hyslip
    Jeffrey S. Hyslip
    Attorney for Plaintiff
    20 W. Kinzie Street, Suite 1300
    Chicago, IL 60610
    Telephone: 866-339-1156
    Email: jsh@legalhelpers.com